United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40764
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO NAVARRETE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-41-ALL
---------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Pedro Navarrete was convicted by a jury of possession with intent to distribute marijuana and importation of marijuana into the United States and was sentenced to 51 months' imprisonment and three years' supervised release. He appeals his conviction and sentence. Navarrete argues that the Government failed to prove beyond a reasonable doubt that the substance found in his gasoline tank was in fact marijuana because the Government did not produce a chemist to offer testimony as to the substance's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nature nor did it introduce evidence of chemical testing of the substance.

Agents Menchaca and Mitchell testified that the substance field tested positive for marijuana. The Government also introduced a DEA lab report showing that chemical analysis confirmed the field test that the substance was marijuana. Navarrete argues that this document was offered for purposes of establishing the chain of custody only and not for identification of the substance. However, the U.S. Attorney stated that the report also included the analysis that was done which showed that the substance was marijuana, and Navarrete's counsel stated that he was not objecting to the admission of the document. The evidence was sufficient to show that the substance was marijuana beyond a reasonable doubt. United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994).

Navarrete argues that the district court erred in assessing a two-point upward adjustment to his offense level under U.S.S.G. § 3C1.1 because it was not conclusive that he committed perjury or obstructed justice in any way. He contends that the district court's finding does not meet the standard required by United States v. Dunnigan, 507 U.S. 87, 95 (1993).

Navarrete's testimony concerning how often he refueled and how much gasoline he put in the gasoline tank on his return trip from Mexico was inherently contradictory. If the gas gauge was broken and indicating that he was running out of gas when he was

not, then he would not have been able to refill with 18-20 gallons each time. Navarrete's suggestion that some unknown person put the marijuana in the tank without his knowledge was rightly noted by the district court to be incredible. Based on this testimony, the district court did not clearly err in finding that Navarrete had committed perjury warranting the upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1, and the district court did not plainly err in its articulation of its finding of perjury. United States v. Dunnigan, 507 U.S. 87, 95 (1993); United States v. Holman, 314 F.3d 837, 846 (7th Cir. 2002).

AFFIRMED.